IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CRYSTAL HUMPHREYS,** | ( | |
| *Plaintiff* | ( | |
| | ( | |
| v. | ( | **Civil Action No. 4:17-cv-00935** |
| | ( | |
| **HOUSTON PIZZA VENTURE** | ( | |
| **RESTAURANT GROUP** | ( | |
| **D/B/A PAPA JOHN'S PIZZA** | ( | |
| *Defendant.* | ( | **JURY TRIAL REQUESTED** |
| | ( | |

_____

### PLAINTIFF'S ORIGINAL COMPLAINT
_____

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW, CRYSTAL HUMPHREYS (hereinafter referred to as "Plaintiff"), filing this *Original Complaint* against HOUSTON PIZZA VENTURE RESTAURANT GROUP D/B/A PAPA JOHN'S PIZZA, (hereinafter referred to as "Defendant"). Plaintiff alleges Defendant has violated several laws within Texas and would show unto this Honorable Court the following in support:

### A. NATURE OF THE ACTION

1. This action is brought to remedy gender and sexual harassment, and retaliation under Title VII of the Civil Rights Act and the Texas Labor Code.

### B. JURISDICTION & VENUE

2. This Court has jurisdiction over this case pursuant to 28 U.S.C §§ 1331 (federal question) and 1343 (civil rights). Venue in this Court is appropriate pursuant to 42 U.S.C § 12117 (a), 42 U.S.C. §

2000E-5 (f)(3), and 28 U.S.C. § 1391, because the employment practices involved in this dispute occurred in The Woodlands Texas, and thus venue is proper in the Southern District of Texas.

### C. Administrative Proceedings

**2.** Plaintiff timely filed a charge of discrimination against Defendant(s) with the Texas Workforce Commission-Civil Rights Division ("TWC-CRD") and the Equal Employment Opportunity Commission ("EEOC"). Plaintiff was mailed the Right to Sue on December 28, 2016. Plaintiff filed this complaint within 90 days of receiving the "Right to Sue" letter. A copy of the notice is attached as Exhibit "A".

### D. Parties

**3.** <u>Plaintiff.</u> CRYSTAL HUMPHREYS ("Plaintiff") is an individual who is a citizen of the State of Texas. At all times material to this lawsuit, Plaintiff was an at-will employee of the Defendant.

**4.** <u>Defendant.</u> HOUSTON PIZZA VENTURE RESTAURANT GROUP, is a locally owned and operated, multi-concept restaurant franchise group in the Houston area. HOUSTON PIZZA VENTURE RESTAURANT GROUP is an owner of Papa John's Pizza Franchise location in southeast Texas. Papa John's Pizza is an American restaurant franchise with locations in Houston and the surrounding areas, is part of a privately held corporation founded in Jeffersonville, Indiana.

**5.** <u>Vicarious Liability</u>. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, affiliates, subsidiaries, partners, agents, servants, or employees committed such act or omission and that at the time such or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in routine normal course and scope of their agency and employment as Defendant's officers, directors,

affiliates, subsidiaries, partners, agents, servants, or employees.

### E. Factual Background

6. Plaintiff brings this lawsuit seeking equitable relief, compensatory damages, lost wages, reinstatement of lost benefits, mental anguish damages, exemplary damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest related to Defendant's retaliation and wrongful termination of Plaintiff for reporting violations of law.

7. Plaintiff, a female, worked as a serve for HOUSTON PIZZA VENTURE RESTAURANT GROUP D/B/A PAPA JOHN'S PIZZA at 25118-A Grogans Mill Rd, The Woodlands, Texas beginning on or about 2015.

8. HOUSTON PIZZA VENTURE RESTAURANT GROUP D/B/A PAPA JOHN'S PIZZA. Defendant is an "employer" as defined under Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act ("TCHRA"), employing more than fifteen "employee(s)," as that term is defined in the TCHRA, during the times relevant to the matters upon which this lawsuit is based.

9. During the scope of Plaintiff's employment, an employee of Defendant, Chris Mayo, sexually harassed Plaintiff.

10. Mr. Mayo sexually harassed Plaintiff on several occasions and made sexual inappropriate comments to Plaintiff. On an occasion, Mr. Mayo commented to Plaintiff that he wanted to "dick [Plaintiff] down." Additionally, Mr. Mayo engaged in unwanted touching of Plaintiff.

11. On or about October 2015, Plaintiff made complaints concerning Mr. Mayo's sexual harassment and the hostile work environment to her general manager. However, no action was taken to address the

issues.

12. On or about January 2016, Mr. Mayo sexually harassed Plaintiff again in the presence of the assistant manager. When Plaintiff reported the sexual harassment to the assistant manager, the assistant manager reported the sexual harassment to the regional manager.

13. Upon making the complaints of sexual harassment and a hostile work environment, Defendant retaliated against Plaintiff by taking back a promotion and raise that Defendant offered to Plaintiff. Additionally, Plaintiff's manager mocked sexual inappropriate comments addressed to Plaintiff by Mr. Mayo.

14. On June 6, 2016, Plaintiff filed a Charge of Discrimination against HOUSTON PIZZA VENTURE RESTAURANT GROUP D/B/A PAPA JOHN'S PIZZA with the Equal Employment Opportunity Commission ("EEOC"). In her complaint, Plaintiff alleged that Defendant subjected her to a hostile work environment during her employment. Furthermore, Plaintiff alleged that Defendant discriminated against her when she made complaints of unwanted touching and sexual inappropriate comments directed towards her. *See* Exhibit B.

15. Subsequently, Plaintiff was the victim of various forms of retaliation at the hands of agents of the Defendant.

### F. COUNT ONE – DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF CHAPTER 21 OF THE TEXAS LABOR CODE & TITLE VII OF THE CIVIL RIGHTS ACT

16. Plaintiff hereby adopts by preference each and every paragraph of the Facts and allegations stated in this Original Complaint as if fully and completely set forth herein.

17. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff is female.

18. Defendant is an employer within the meaning of Title VII.

19. Plaintiff's manager and supervisor subjected her to several sorts of employment actions not required of similarly situated personnel who were not female. Moreover, Plaintiff's promotion and raise was taken away when she made reports against her harasser. The discrimination caused mental anguish on the Plaintiff along with economic damages.

20. Plaintiff's gender was the motivating factor in Defendant's decision to execute adverse employment actions against Plaintiff.

21. Plaintiff was uncomfortable in her work environment and the discomfort led to the failure of her marriage as she and her husband struggled to cope with Plaintiff's sexual harassment. Plaintiff, a married woman, was told by an employee that he wanted to " dick [Plaintiff] down." Plaintiff, continuously was sexually harassed and Defendant failed to act on behalf of Plaintiff.

22. Defendants' actions made working conditions for Plaintiff so intolerable that Plaintiff was forced to file complaints with management and an EEOC Charge of Discrimination. *See* Exhibit B.

### G. COUNT TWO – RETALIATION IN VIOLATION OF CHAPTER 21 OF THE TEXAS LABOR CODE & TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

23. Plaintiff hereby adopts by preference each and every paragraph of the facts and allegations stated in this Original Complaint as if fully and completely set forth herein. Plaintiff alleges that she was retaliated against for filing a Charge of Discrimination with TWC and EEOC

24. In addition, Defendants retaliated against Plaintiff for engaging in her right to use resources designed to deter unlawful employment actions.

25. Plaintiff alleges that she was (1) a member of a protected class; (2) opposed an unlawful employment practice, and (3) Defendant, through its agents, threatened to take and/or did take adverse actions against Plaintiff because of Plaintiff's protected activity.

26. Indeed, Plaintiff pursued the assistance of an assistant manager. After such time various

managers, supervisors and coworkers began to harass Plaintiff as a result of having knowledge regarding Mr. Mayo's sexual inappropriate comments to Plaintiff that he wanted to "dick [Plaintiff] down." Such harassment was not discouraged by Defendants' management. In fact, the conduct was condoned and was used to mock Plaintiff.

27. The Texas Labor Code prohibits an employee from being punished for making complaints. Plaintiff was repeatedly discriminated against for her gender and reporting sexual harassments she endured. Defendants responded to Plaintiff's outcry by stripping her of promotion and raise. Plaintiff acted within her right to speak to those in management positions. After these acts, Defendants retaliated against Plaintiff.

## H. Reservation of Rights

28. Plaintiff reserves the right to bring additional causes of action against the Defendant(s) and to amend the Petition as necessary.

## I. Jury Demand

29. Plaintiff demands a trial by jury.

## J. Prayer

30. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and that upon trial of this cause, have judgment against Defendant for:

    (1) all actual and economic damages suffered by Plaintiff,

    (2) reinstatement,

    (3) lost back pay,

    (4) lost front pay,

    (5) compensatory damages,

(6) liquidated damages ,

(7) prejudgment and post-judgment interest at the legal rate,

(8) costs of court,

(9) attorney's fees,

(10) all expert fees, as allowed by law,

(11) and such other relief, both at law and in equity, deemed proper by this Court.

**Respectfully submitted,**

**DASEAN A. JONES**
State Bar No. 24078750
712 Main Street, Suite 2450
Houston, Texas  77002
832.224.6740 main
832.827.3983 fax
djones@daseanjones.com
ATTORNEY FOR PLAINTIFF,
 CRYSTAL HUMPHREYS