IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRYSTAL HUMPHREYS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-0935 |
| | § | |
| HOUSTON PIZZA VENTURE | § | |
| RESTAURANT GROUP, | § | |
|     Defendant. | § | |

# MEMORANDUM AND ORDER

This case is before the Court on the Motion to Compel Arbitration [Doc. # 14] filed by Defendant Houston Pizza Venture Restaurant Group, to which Plaintiff Crystal Humphreys filed a Response [Doc. # 15], and Defendant filed a Reply [Doc. # 20]. The Court conducted an evidentiary hearing on September 28, 2017. Having considered the full record, including the evidence presented at the September 28 hearing, and the applicable legal authorities, the Court **grants** the Motion to Compel Arbitration.

## I.    FINDINGS OF FACT

Plaintiff twice worked as a delivery driver for Defendant at its Papa John's location in The Woodlands, Texas. Plaintiff first began her employment with

Defendant in January 2015. Defendant's payroll records reflect that Plaintiff left Defendant's employ voluntarily in July 2015[1] and returned in November 2015.

Plaintiff alleges in this lawsuit that she was sexually harassed by a coworker. Plaintiff alleges that Defendants discriminated and retaliated against her by ignoring her complaints, revoking a promotion and raise, and other "various forms" of discrimination and retaliation. Plaintiff alleges that Defendant's conduct forced her to resign.

Defendant has a Dispute Resolution Program ("DRP") that requires arbitration of employment-related disputes. The standard "onboarding" procedure at Defendant's business is for a newly-hired employee to complete multiple employment, employee benefit, and related documents electronically. One of the documents presented during the onboarding process is a notice of the DRP, with a link to access and review the complete program terms. The employee electronically acknowledges having received notice of and having agreed to the DRP's requirement for arbitration. The employee cannot advance to the next page in the onboarding process without completing all required information on the current page, and cannot complete the pages of the onboarding process other than in sequence. A new employee is not officially hired and included in the payroll system until the onboarding process is complete.

---

[1] Plaintiff testified that she stopped working in July 2015 for medical reasons.

Plaintiff testified that she submitted a handwritten application for employment with Defendant in January 2015. *See* DX 12. At different times during her testimony, Plaintiff testified variously that the signature on the Application "appears to be" her signature, that she did not remember signing the Application, and that she did not sign the Application. The Court finds that the handwriting on both the first page and the second page of the Application is the same, and further finds that Plaintiff signed the Application.

The following appears in bold print immediately above Plaintiff's signature on the second page:

> I agree that submitting this application requires me to bring any legal dispute related to my application for employment or employment in arbitration under the Company's Dispute Resolution Program rather than in court before a judge or jury, and I hereby waive trial before a court or jury for any such legal dispute. I understand that I may ask to review a copy of the DRP if I wish and I agree that I have done so to the extent I feel it necessary.

*See* January 2015 Application. At the bottom of the first page, Plaintiff listed "computer skills" as one of her special skills. *See id.*

Plaintiff testified that during the onboarding process in January 2015, General Manager Will Ward read the screens of the electronic process to her as they appeared on the computer. Plaintiff testified that Ward did not, however, read or otherwise mention the DRP screen information. The DRP screen provides notice that any

disputes must be addressed "through an arbitration process as outlined in the Company's Dispute Resolution Program." *See* Dispute Resolution Program Screen [DX 2; DX 4, p. 43], noting that it was "Electronically Signed" on January 16, 2015 at 2:10 p.m. by Plaintiff, who is also identified as the "Portal User." *See id.* Plaintiff testified that Ward moved from screen to screen without her ability to view the computer screen. Plaintiff testified that there were three videos she was required to view during the onboarding process. Plaintiff testified that each time it was necessary for her to view a video, Ward would change seats with her while she viewed the video and then change seats again after the video was complete. Plaintiff offers no credible explanation for the General Manager performing the onboarding process for her. She had a high school diploma, had completed some college, and claimed to have computer skills. She testified that the onboarding process required 40 or 45 minutes to complete. The repeated seat-swapping is not credible and would have been cumbersome at best. The Court finds that Plaintiff performed her own onboarding process, including accessing the DRP screen.

When Plaintiff returned to work for Defendant in November 2015, she submitted another handwritten Application [DX 13]. Plaintiff testified that she did not complete or sign the November Application, but that she instead provided the new information to Ward separately. The handwriting on the November Application is

virtually identical to the handwriting on the January Application. Plaintiff's signature on both Applications is almost identical, and both signatures are very similar to Plaintiff's admitted signatures in the record.[2] Ward's handwriting is very different, in size and style, than Plaintiff's. The Court finds that Plaintiff entered the handwritten information and signed the November Application. The November Application includes, immediately above the signature line, the same agreement to submit disputes to arbitration as the January Application. The November Application also includes Plaintiff's claim to have computer skills.

Plaintiff testified that she did not participate in an electronic onboarding process at the time she returned to Defendant's employ in November 2015. She testified that Ward completed the onboarding process for her in her absence. Plaintiff testified that she provided Ward with certain information to use during the onboarding process, and she believes he may have located other necessary information in documents and records at the company.

In sum, the Court finds that Plaintiff completed the handwritten Applications and the electronic onboarding process in January 2015 and in November 2015. Each Application includes an agreement to submit employment-related disputes to

---

[2] Plaintiff changed her last named because she married. The handwriting of the first name is extremely close in both applications. Any differences are minor and well within the typical deviations of any person's signature on different documents.

arbitration and an explanation that there will be no court proceeding or trial before a judge or jury. The Court finds that Plaintiff signed both Applications immediately below the bolded paragraph agreeing to arbitration.

In connection with each onboarding process, Plaintiff's electronic signature appears on the page acknowledging the DRP, and she had a unique, personal password that was unknown to Defendant or any of its employees. Plaintiff may not have read the actual DRP, which is a link on the onboarding process page giving notice of the arbitration requirement in the DRP. Indeed, Plaintiff may have acknowledged the DRP screen without reading that screen. The Court finds, however, that she accessed the screen notifying her of the DRP's requirement for arbitration and input her electronic signature as acknowledging and agreeing to the DRP.

## II. CONCLUSIONS OF LAW

"Arbitration is 'a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *PaineWebber Inc. v. The Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 462 (5th Cir. 2001) (quoting *United Steelworkers of Amer. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). Therefore, the Court must determine whether there is a valid agreement

between the parties to arbitrate their dispute.[3] *See Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004). In deciding whether the parties entered into a valid agreement to arbitrate, the Court applies general contract principles. *Will-Drill Resources, Inc. v. Samson Resources Co.*, 352 F.3d 211, 214 (5th Cir. 2003).

Under Texas general contract law, unless a party to a contract was fraudulently induced into signing the agreement, he is legally presumed to know the contents of the contract he executed whether or not he actually read the agreement. *See, e.g., DeClaire v. G & B McIntosh Family Ltd. P'ship*, 260 S.W.3d 34, 47 (Tex. App. – Houston [1st Dist.] 2008, no pet.) ("A party to a written agreement is charged as a matter of law with the knowledge of its provisions . . . unless he can demonstrate that he was tricked into its execution."). Indeed, it is a "cardinal rule of contract law, recognized by the Supreme Court more than a century ago,[4] that a party is bound by a contract to which he signified his assent and cannot be heard to complain that he did not read its contents." *Marsh v. First USA Bank*, 103 F. Supp. 909, 919 (N.D. Tex.

---

[3] A second requirement is that the dispute in question falls within the scope of the arbitration agreement. *See, e.g., Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1065 (5th Cir. 1998); *Jones v. Halliburton Co.*, 583 F.3d 228, 234 (5th Cir. 2009). Plaintiff does not contest that her sexual harassment and other employment-related claims in this lawsuit would fall within the scope of the arbitration agreement.

[4] "It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written. But such is not the law." *Upton v. Tribilcock*, 91 U.S. 45, 50 (1875).

2000); *see Cajun Elec. Power Coop. v. Riley Stoker Corp.*, 791 F.2d 353 (5th Cir. 1986) ("one is presumed to have read a contract that one signs").

A certified digital signature is a valid form of signature. *See* 15 U.S.C. § 7001(a); *Klein v. Delbert Servs. Corp.*, 2015 WL 1503427, *4 (N.D. Cal. Apr. 1, 2015).

Plaintiff had notice, both electronically and in paper form, of the existence of the arbitration requirement. She agreed to the arbitration requirement, and she and Defendant entered into a valid arbitration agreement. The DRP applies to the sexual harassment and other employment-related disputes presented in this case. As a result, Plaintiff and Defendant are required to arbitrate this dispute in accordance with the DRP.

### III. CONCLUSION AND ORDER

Based on the foregoing Findings of Fact and Conclusions of Law, it is hereby

**ORDERED** that Defendant's Motion to Compel Arbitration [Doc. # 14] is **GRANTED** and the parties are required to arbitrate this dispute in accordance with the DRP. It is further

**ORDERED** that this case is **STAYED AND ADMINISTRATIVELY CLOSED** pending completion of the arbitration process. Counsel shall file a written

status report on **December 15, 2017**, and every four (4) months thereafter until such time as the arbitration process is completed.

SIGNED at Houston, Texas, this **29th** day of **September, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE